**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JUNIOR ALBERTO SANTANA RAMIREZ,** | : | |
| | : | |
| Petitioner, | : | |
| v. | : | |
| | : | **CIVIL ACTION** |
| **WARDEN OF FEDERAL DETENTION** | : | |
| **CENTER PHILADELPHIA,** *et al.*, | : | **No. 26-2970** |
| | : | |
| Respondents. | : | |

**MEMORANDUM**

**Perez, J.**                                                                                         **May 15, 2026**

Petitioner Junior Alberto Santana Ramirez filed this habeas petition under 28 U.S.C. § 2241 while detained at the Federal Detention Center in Philadelphia, challenging his immigration detention and seeking immediate release. Respondents oppose relief, arguing that Petitioner is detained pursuant to 8 U.S.C. § 1226(a), not § 1225(b), and that § 1226(a) provides an administrative process through which Petitioner may seek custody redetermination before an immigration judge and, if necessary, further review before the Board of Immigration Appeals. Petitioner does not dispute, at this stage, that Respondents are detaining him under § 1226(a), but he argues that the corresponding bond process is inadequate and does not provide an effective remedy.

Independent of the merits of Petitioner's detention, the Court is troubled by the timing and circumstances of his transfer to Moshannon Valley Processing Center ("Moshannon"). Petitioner filed this habeas petition while detained at the Federal Detention Center in Philadelphia ("FDC Philadelphia") within this District. Before the Court received notice of the filing and could act, however, Petitioner was moved to Moshannon, which is located in Philipsburg, Pennsylvania, within the Western District of Pennsylvania. That sequence remains concerning notwithstanding

1

Respondents' documentary showing. Although Respondents have filed an NTA and custody determination bearing April 30, 2026 service information, Petitioner disputes that he actually received those materials before transfer. The Court will not resolve that dispute on the present record. The timing of the transfer, the docketing delay, and the disputed service chronology warrant a fuller account.

The record presently before the Court does not warrant immediate habeas relief. At the same time, the Court is not prepared to dismiss the petition outright while Petitioner's custody-redetermination request remains pending and while certain factual questions concerning the timing of service, transfer, and administrative review remain unresolved. The Court therefore will hold the petition in abeyance pending the outcome of Petitioner's bond hearing before an immigration judge. This course respects the administrative process Congress and the regulations provide for detainees held under § 1226(a), while preserving this Court's ability to consider any remaining constitutional or statutory issues if administrative review proves unavailable, incomplete, or otherwise inadequate in Petitioner's particular case.

Accordingly, for the reasons that follow, the petition will be held in abeyance. Respondents shall file a status report promptly after the custody redetermination hearing advising the Court of the hearing's outcome, the date of any decision, whether bond was granted or denied, and whether any further administrative review has been sought.

## I.    Background of the Case

Petitioner Junior Alberto Santana Ramirez is a native and citizen of the Dominican Republic. He was admitted to the United States on July 12, 2022, on a B-2 nonimmigrant visitor visa, which authorized him to remain in the United States until January 11, 2023. ECF No. 4 at 2.

Respondents represent that Petitioner did not depart when that authorization expired, and he remained in the United States thereafter. *Id*.

On March 19, 2025, Petitioner was arrested by the Philadelphia Police Department and charged with several firearms-related offenses, including carrying a firearm without a license, carrying firearms in public in Philadelphia, possession of an instrument of crime with intent, and carrying a loaded weapon. *Id*. On September 17, 2025, Petitioner was convicted of possession of an instrument of crime with intent and sentenced to two years of probation. *Id*. Petitioner characterizes the conviction as arising from a misdemeanor weapons charge and emphasizes that he received probation. ECF No. 6 at 4. Petitioner also asserts that he is married to a United States citizen, has children, has a pending I-130 petition, and remains eligible to seek adjustment of status. ECF No. 6 at 4–5.

On April 30, 2026, Immigration and Customs Enforcement ("ICE") arrested Petitioner and placed him in immigration detention. ECF No. 4 at 2. Respondents state that ICE placed Petitioner in removal proceedings through a Notice to Appear charging him as removable under 8 U.S.C. § 1227(a)(1)(B) for violating the terms of his nonimmigrant visa. *Id*. Respondents state that Petitioner was "briefly detained" at FDC Philadelphia and that, since the early morning of May 5, 2026, he has been detained at Moshannon. *Id.* at 3. Respondents further allege that, following his arrest, Petitioner requested review of ICE's custody determination by an immigration judge and that the request was lodged with the immigration court. *Id.*

Petitioner disputes material aspects of that chronology. He asserts that, despite Respondents' position that he was served on April 30, he "never received his notice to appear" and was not assigned an A-number before filing this habeas petition or before his transfer to Moshannon. ECF No. 6 at 2–3. According to Petitioner, he did not receive that information until

3

after he was transferred to Moshannon. *Id*. Petitioner also asserts that the ICE detainee locator did not display an A-number until after this action was filed and after his transfer to Moshannon. *Id*. Respondents' exhibits include documents reflecting personal service of the NTA and custody paperwork on April 30, 2026. The Court need not resolve that factual dispute now, but the discrepancy warrants a short supplemental declaration clarifying the service, A-number, EOIR-filing, and transfer chronology.

Petitioner filed this habeas petition under 28 U.S.C. § 2241 on May 4, 2026. ECF No. 1. Respondents state that Petitioner was "briefly detained" at FDC Philadelphia and that, since the early morning of May 5, 2026, he has been detained at Moshannon. ECF No. 4 at 3. Petitioner disputes the service chronology, asserting that he did not receive a Notice to Appear or A-number before his transfer. ECF No. 6 at 2–3.

Respondents filed their opposition on May 8, 2026. ECF No. 4. They argue that Petitioner is detained under 8 U.S.C. § 1226(a), not § 1225(b)(2), and that § 1226(a) provides an administrative custody-review process before an immigration judge, with further review available before the Board of Immigration Appeals. ECF No. 4 at 1–2, 4–6. Respondents also contend that Petitioner has not exhausted that process, that his detention does not violate due process, and that 8 U.S.C. § 1252(g) deprives this Court of jurisdiction because his detention and removal proceedings are, in their view, "inextricably intertwined." ECF No. 4 at 4–9.

Petitioner filed his reply on May 13, 2026. ECF No. 6. He does not appear to dispute that Respondents identify § 1226(a) as the authority for his detention. He argues instead that the administrative bond process is inadequate in practice and should not bar habeas relief. ECF No. 6 at 3–4. He also argues that, if he was not served with a Notice to Appear before his transfer to

4

Moshannon, then removal proceedings had not yet commenced while he was detained in this District and § 1252(g) does not bar review. ECF No. 6 at 2–3.

On May 14, 2026, Respondents filed a notice of supplemental authority attaching *Ubaid v. Jamison*, Civil Action No. 26-2681 (E.D. Pa. May 14, 2026) (ECF No. 9). ECF No. 7. In *Ubaid*, another court in this District denied without prejudice a § 2241 petition filed by a noncitizen detained under § 1226(a), holding that the petitioner was required to pursue the available custody-redetermination process before seeking habeas relief and rejecting a futility argument based on bond-grant statistics. ECF No. 7-1 at 5–7.

The parties' submissions now frame this case as one involving detention under § 1226(a) and an available, but not yet completed, administrative custody redetermination process. That process remains pending, and the outcome of a bond hearing may narrow or moot issues presented in the petition. Accordingly, the Court will hold this matter in abeyance pending the outcome of Petitioner's custody redetermination hearing.

### III. Discussion

The present posture calls for restraint. The Court need not decide now whether Petitioner's failure to complete the administrative custody process bars relief, whether exhaustion should be excused, whether § 1252(g) limits review, or whether Petitioner's detention violates due process. Those questions may remain for another day. At this stage, the pending custody redetermination process may provide Petitioner relief, narrow the issues before the Court, or clarify the precise nature of any remaining claim. Abeyance is appropriate for three reasons.

First, the administrative process is already underway. Respondents represent that Petitioner requested review of ICE's custody determination and that the request has been lodged with the immigration court. ECF No. 4 at 2. Petitioner challenges the practical adequacy of that process,

but the hearing has not yet occurred. The Court will not preempt that process before it has had an opportunity to operate.

Second, the current record is incomplete on issues that bear on the Court's review. Petitioner asserts that he was transferred out of this District before receiving a Notice to Appear or an A-number. ECF No. 6 at 2–3. Respondents represent that ICE arrested Petitioner, placed him into removal proceedings, and made administrative custody review available. ECF No. 4 at 2. The existing submissions do not provide a sufficiently detailed chronology of service, A-number assignment, EOIR filing, transfer approval, or notice of this habeas action to resolve those competing accounts. A fuller record is warranted before the Court decides whether those circumstances have legal consequences.

Third, holding the petition in abeyance promotes judicial economy. The custody redetermination hearing may materially alter the case. If bond is granted and Petitioner is released, some or all of the requested relief may become moot. If bond is denied, if bond is set in an amount Petitioner contends is functionally unattainable, or if the hearing does not occur, the parties' dispute will be sharpened and the Court will have a more concrete record on which to assess any remaining statutory or constitutional claim.

The Court therefore will hold the petition in abeyance pending the outcome of Petitioner's custody redetermination hearing. This disposition does not decide the merits of the petition. The Court takes no position at this stage as to whether Petitioner has exhausted available administrative remedies, whether exhaustion should be excused, whether § 1252(g) applies, or whether the circumstances of Petitioner's transfer affect any available relief. The Court preserves those issues to the extent they remain live after the administrative custody process has run its immediate course.

**IV. Conclusion**

6

For the foregoing reasons, the Court will hold the petition in abeyance pending the outcome of Petitioner's custody redetermination hearing before the immigration judge. Respondents shall file a status report as set forth above. An appropriate Order follows.