**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JUNIOR ALBERTO SANTANA RAMIREZ,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **CIVIL ACTION** |
| **WARDEN OF FEDERAL DETENTION CENTER PHILADELPHIA;** | : | |
| **MICHAEL ROSE, *et al.*** | : | |
| | : | |
| | : | **No. 26-2970** |
| | : | |
| Respondents. | : | |

**ORDER**

**AND NOW**, this 15th day of May, 2026, upon consideration of the Petition for Writ of Habeas Corpus (ECF 1), Respondents' response, Petitioner's reply, and Respondents' notice of supplemental authority, it is hereby **ORDERED** as follows:

1.  The Petition is **HELD IN ABEYANCE** pending the outcome of Petitioner's custody redetermination hearing before an immigration judge.

2.  The Court acknowledges that Respondents have already filed, among other materials, Petitioner's Form I-213, Warrant for Arrest of Alien, Notice to Appear, and Notice of Custody Determination. Those documents include Respondents' record evidence that the Notice to Appear was dated April 30, 2026, uploaded to EOIR on May 5, 2026, and contains a certificate of service stating that it was personally served on Petitioner on April 30, 2026, with oral notice provided in Spanish. ECF No. 4-3 at 2–4. Respondents have also filed a Warrant for Arrest of Alien bearing a certificate of service dated April 30, 2026, ECF No. 4-2 at 2, and a Notice of Custody Determination dated April 30, 2026, reflecting that Petitioner requested immigration judge review of ICE's custody

determination and that the contents of the notice were read to him in Spanish, ECF No. 4-4 at 2.

3.    In light of Petitioner's assertion that he had not been served with a Notice to Appear or provided an A-number before his transfer to Moshannon Valley Processing Center, and in light of the remaining factual questions concerning the timing of service, EOIR filing, transfer, and administrative custody review, Respondents shall file, **by May 20, 2026**, a declaration from a knowledgeable ICE official addressing the following:

a.    the date and time Petitioner was arrested by ICE;

b.    the date, time, place, method, and language of service of the Notice to Appear;

c.    whether Petitioner personally signed the Notice to Appear, acknowledged receipt, or refused service;

d.    the date on which Petitioner was assigned an A-number;

e.    the date on which Petitioner was provided or otherwise notified of his A-number;

f.    the date on which the Notice to Appear was filed with the immigration court;

g.    the date on which Petitioner requested custody redetermination or bond review;

h.    the current status of Petitioner's custody-redetermination proceedings;

i.    the date and time Petitioner was transferred from the Federal Detention Center in Philadelphia to Moshannon Valley Processing Center;

j.   the basis for the transfer;

k.   whether the transfer was scheduled or approved before this habeas petition was filed;

l.   who authorized or approved the transfer; and

m.   when Respondents, ICE, or counsel for the Government first received notice of this habeas action.

4.   Respondents shall also file, **by May 20, 2026**, any documents not already in the record that reflect or confirm:

a.   the date on which the Notice to Appear was filed with the immigration court;

b.   the scheduling, continuance, occurrence, or result of any custody-redetermination or bond hearing;

c.   Petitioner's transfer from the Federal Detention Center in Philadelphia to Moshannon Valley Processing Center, including any transfer order, transport record, custody movement log, or Form I-830, if such documents exist; and

d.   the date, time, approving official, and stated basis for Petitioner's transfer to Moshannon Valley Processing Center, if reflected in documents not already filed.

5.   Respondents shall file a status report within **forty-eight hours** after Petitioner's Custody redetermination hearing. The status report shall state:

a.   whether the hearing occurred;

b.   the date of the hearing;

3

    c.    the result of the hearing;

    d.    whether bond was granted or denied;

    e.    the amount of any bond set;

    f.    whether Petitioner has sought or intends to seek further administrative review;

    g.    Petitioner's current place of detention; and

    h.    whether any additional custody hearing has been scheduled.

6. If Petitioner's custody-redetermination hearing does not occur by **June 15, 2026**, Respondents shall file a status report by that date explaining why the hearing has not occurred and identifying the date on which the hearing is scheduled to proceed.

7. Petitioner may file a response within **five (5) days** after Respondents file the declaration, documents, and/or status report required by this Order.

8. The Court reserves ruling on the merits of the Petition, including whether Petitioner has exhausted available administrative remedies, whether exhaustion should be excused, whether 8 U.S.C. § 1252(g) applies, whether the circumstances of Petitioner's transfer affect any available relief, and whether Petitioner's detention violates due process.

BY THE COURT:

_____

HON. MIA R. PEREZ

4