**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JUNIOR ALBERTO SANTANA RAMIREZ,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **CIVIL ACTION** |
| **WARDEN OF FEDERAL DETENTION CENTER PHILADELPHIA;** | : | **No. 26-2970** |
| **MICHAEL ROSE,** *et al.* | : | |
| | : | |
| Respondents. | : | |

**<u>ORDER</u>**

**AND NOW,** this 3rd day of June, 2026, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 1), Respondents' Opposition (ECF No. 4), Petitioner's Reply (ECF No. 6), the Court's May 15, 2026 Memorandum and Order holding the Petition in abeyance pending custody redetermination (ECF Nos. 8, 9), Respondents' status report and supplemental submissions (ECF Nos. 12, 14), the Court's May 26, 2026 Order directing Petitioner to address the effect of the bond proceedings on the pending Petition (ECF No. 15), and Petitioner's supplemental brief (ECF No. 17), it is **ORDERED** as follows:

1. The Rule to Show Cause concerning Petitioner's transfer to Moshannon Valley Processing Center (ECF No. 11) is **DISCHARGED AS MOOT** in light of Respondents' notice that Petitioner has been returned to the Federal Detention Center in Philadelphia and the cancellation of the May 27, 2026 show-cause hearing.

2. Respondents shall file, on or before June 8, 2026, the record of the May 27, 2026 custody re-determination hearing before Immigration Judge Tamar Wilson, including:[1]

    a. The immigration judge's bond order;

    b. Any written decision, written reasons, minute entry, or docket description reflecting the basis for the bond decision;

    c. Any bond motion, memorandum, declaration, exhibit, or other submission presented by Petitioner at the hearing;

    d. Any responsive filing, memorandum, exhibit, or other submission presented by the Government at the hearing;

    e. Any transcript of the hearing; and

    f. Any document reflecting the standard of review or burden considered by the immigration judge.

3. Respondents may file a response to Petitioner's supplemental brief (ECF No. 17) by June 8, 2026 addressing:

    i. whether Petitioner has exhausted available administrative remedies following the immigration judge's bond denial;

    ii. whether Petitioner must appeal the bond denial to the Board of Immigration Appeals before this Court may consider his habeas claims;

---

[1] If any item identified in Paragraph 1 of this Order does not exist or is unavailable, Respondents shall provide a written explanation stating why the item does not exist or is unavailable and describing any efforts undertaken to obtain it.

iii.  whether exhaustion could or should be excused;

iv.  whether the May 27, 2026 custody re-determination hearing satisfied due process;

v.  what burden of proof applied at the custody-redetermination hearing and whether the immigration judge applied the correct burden;

vi.  whether the immigration judge made individualized findings concerning danger and flight risk;

vii.  whether the immigration judge considered Petitioner's family ties, pending I-130 petition or other immigration benefits, ability to pay, and alternatives to detention; and

viii.  whether any alleged defect in the custody re-determination hearing would warrant immediate release, a new hearing before an immigration judge, a hearing before this Court, or some other remedy addressed in Respondents' supplemental filing.

BY THE COURT:

_____
Hon. Mia R. Perez