IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUNIOR ALBERTO SANTANA RAMIREZ,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| **v.** | : | |
| | : | **CIVIL ACTION** |
| **WARDEN OF FEDERAL DETENTION** | : | |
| **CENTER PHILADELPHIA,** | : | **No. 26-2970** |
| **MICHAEL ROSE,** *et al.* | : | |
| | : | |
| Respondents. | : | |

## <u>ORDER</u>

**AND NOW,** this 12th day of June, 2026, upon consideration of the Petition for Writ of

Habeas Corpus (ECF No. 1), Respondents' response and supplemental filings (ECF Nos. 4, 19),

Petitioner's supplemental filing following his custody-redetermination hearing (ECF No. 17), and

the record produced from the May 27, 2026 custody-redetermination hearing before Immigration

Judge Tamar Wilson (ECF Nos. 19-1, 19-2, 19-3, 19-4), it is **ORDERED** that this matter is **HELD**

**IN ABEYANCE** pending Petitioner's administrative appeal to the Board of Immigration Appeals

("BIA") from the immigration judge's May 27, 2026 bond determination.[1]

---

[1] Abeyance is appropriate because Petitioner's administrative appeal may materially affect, narrow, or resolve the issues presently before this Court. Petitioner was represented by counsel at the custody-redetermination hearing, submitted evidence, presented argument, responded to the immigration judge's questions, and reserved his right to appeal. ECF No. 19-4 at 2–4; *see also* ECF No. 19-3. Petitioner now challenges the adequacy of that determination, including the immigration judge's treatment of his family and community ties, asserted marriage to a United States citizen, pending I-130 petition, prospects for immigration relief, and criminal history. ECF No. 17 at 2–4. Those issues should be presented first to the BIA, which may review the immigration judge's custody determination and correct any factual or legal error before this Court considers whether any constitutional claim remains.

The need for administrative review is reinforced by the incomplete record concerning Petitioner's criminal conviction. The parties and participants in the custody-redetermination hearing repeatedly described Petitioner's Philadelphia criminal matter as a "firearms" case, a "weapons" offense, or "arms possession." *See* ECF No. 17 at 3; ECF No. 19 at 7–10; ECF No. 19-4 at 2–4. The Court's review of the Philadelphia Court of Common Pleas docket, however, reflects only a charge and conviction for possessing an instrument of crime with intent, in violation of 18 Pa. Cons. Stat. § 907(a). *See* ECF No. 19-3 at 23–24. The docket does not identify the alleged instrument, describe the underlying conduct, or reflect any charge under Pennsylvania's Uniform Firearms Act ("VUFA"). *See id*. A conviction under §

It is **FURTHER ORDERED** that:

1. On or before June 26, 2026, Petitioner shall file a status report stating whether he timely filed a BIA appeal. If Petitioner filed a BIA appeal, he shall attach a copy of the notice of appeal or other filing confirming that appeal.

2. If Petitioner does not timely file a BIA appeal, Respondents may move to lift the abeyance and dismiss the petition for failure to exhaust administrative remedies.

3. If Petitioner timely files a BIA appeal, the parties shall file a joint status report every thirty days thereafter, beginning thirty days after the filing of the appeal, advising the Court of the status of the BIA proceedings.

---

907(a) may involve a firearm, but the offense is not limited to firearms, and the docket alone does not establish that a firearm was the instrument involved. It is possible that police records alleged firearms-related conduct but that the Philadelphia District Attorney's Office charging unit declined to approve VUFA charges. It is also possible that firearms-related charges were withdrawn, dismissed, or otherwise disposed of before the case reached the posture reflected on the docket, or that records not presently before this Court may otherwise substantiate the Government's description. The present record does not permit the Court to determine which, if any, of those circumstances occurred. Nor does a probation condition prohibiting firearm possession, standing alone, establish that the offense of conviction involved a firearm. *See* ECF No. 19-3 at 23–24.

That uncertainty was apparent during the custody-redetermination hearing. The Government relied on the criminal matter in opposing bond and characterized it as a weapons-related offense, ECF No. 19-4 at 2–3, but neither party submitted a police report, affidavit of probable cause, criminal complaint, or comparable record describing the conduct underlying the conviction. *See* ECF No. 19-3; ECF No. 19-4 at 3–4. Petitioner's counsel submitted the criminal docket and acknowledged that he had not contacted Petitioner's criminal counsel to obtain additional records. ECF No. 19-3 at 23–24; ECF No. 19-4 at 3–4. The immigration judge expressly noted that she lacked the police report and did not know the facts underlying the conviction. ECF No. 19-4 at 3–4. Although the immigration judge ultimately denied bond on flight-risk grounds rather than making an express dangerousness finding, the manner in which the conviction was characterized may bear on the weight properly assigned to the criminal record and on the overall custody determination. ECF No. 19-4 at 4.

The Court will not resolve that factual issue, nor will the Court treat an imprecise characterization of the conviction as a substitute for competent evidence concerning the underlying conduct. The BIA may consider whether the conviction was accurately characterized, whether the record before the immigration judge was sufficient, whether any permissible supplementation is appropriate, and whether the custody determination should be affirmed, reversed, or remanded. Holding the habeas petition in abeyance preserves Petitioner's ability to pursue any remaining constitutional claim after administrative review while avoiding premature merits review by this Court.

4.  Within seven days of any BIA decision concerning Petitioner's custody-redetermination appeal, the parties shall file a joint status report attaching the BIA decision and stating their respective positions on whether this Court should lift the abeyance and proceed to adjudicate the habeas petition.

5.  This Order does not decide the merits of Petitioner's habeas petition, the constitutional adequacy of the May 27, 2026 custody-redetermination hearing, or whether exhaustion may ultimately be excused.

BY THE COURT:

HON. MIA R. PEREZ